THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* LEWIS R. MARTIN, APPELLANT.

*Forgery — liability of a party having forged bonds (not fully executed) in his possession, with intent to return them to a person from whom they were received by him.*

APPEAL from a judgment of the Court of General Sessions of New York, convicting the defendant of forgery in the first degree.

The indictment charged the defendant with having in his possession a forged coupon of what purported to be a bond issued by the Morris and Essex Railroad Company, with intent to utter and dispose of the same. The defendant claimed that he was keeping the bonds for one Spencer, under an agreement to return the same to him when requested.

Upon the trial the counsel for the prisoner requested the court to charge that: "If Martin (the defendant) was keeping the bonds for Spencer with a knowledge of their character, and intending to return them to Spencer when the latter desired, the defendant would not be guilty of the offense charged in the indictment." The court declined so to charge.

The court at General Term said: "The appellant asserted that the bonds which were alleged to have been forged were placed in his care by Spencer, to be returned to him upon his request, and

the court was asked to charge that if he was keeping the bonds for Spencer with a knowledge of their character, and intending to return them to Spencer when the latter desired, the defendant would not be guilty of the offense charged in the indictment.

"It must be borne in mind that the bonds were incomplete, not having been signed, and their invalidity was not affected by the circumstance that the coupons attached to them were signed. It must also be kept in view that the coupons, if not detached from the bonds, would be invalid, because of the imperfect character of the bonds themselves, to which they were attached and to which they related. If the bonds were issued in the condition in which they were found in the appellant's apartment, they would be valueless for the reasons suggested, namely, that the bonds were not signed, and notice would be given by that circumstance that they were not legally issued. If the appellant was the custodian of them, as he alleged, even if he knew their character and intended to give them back to Spencer, from whom he received them when the latter desired that he should do so, he would not be guilty of any offense for merely holding them in his custody, *non constat*, but that they would not be signed."

For these reasons the judgment pronounced should be reversed and a new trial ordered.

*Peter Mitchell*, for the appellant.

*Randolph B. Martine*, for the respondent.

Opinion by BRADY, J.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgment reversed, new trial ordered.